UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELDER BENJAMIN ORTIZ SINTUJ, )<br><br>Petitioner, )<br><br>v. )<br><br>DERRICK STAMPER, *in his*<br>*official capacity Chief Patrol Agent,*<br>*U.S. Border Patrol*, et al., )<br><br>Respondents. ) | No. 2:26-cv-00027-JAW |

**ORDER ON MOTION FOR ATTORNEY'S FEES**

On February 6, 2026, the Court issued an order finding that Respondents' release of Elder Benjamin Ortiz Sintuj in Youngstown, Ohio violated a prior order of this Court requiring Respondents return him to Maine. *Order* (ECF No. 19). Consistent with the parties' agreement, the Court determined an award of attorney's fees and costs was the appropriate sanction for Respondents' violation of the Court's order and set a schedule for Mr. Sintuj to file a formal motion for attorney's fees and costs and for Respondents to file any objection. *Id.* at 7-8.

On February 10, 2026, Mr. Sintuj filed a motion for attorney's fees and costs. *Mot. for Award of Atty's Fees* (ECF No. 22) (*Pet'r's Mot.*). On February 19, 2026, Respondents filed a response, opposing Mr. Sintuj's motion. *Opp'n to Mots. for Atty's Fees and Costs* (ECF No. 25) (*Resp'ts' Opp'n*). On February 20, 2026, at the direction of the Court, the Clerk's Office set a deadline for Mr. Sintuj to file a reply to Respondents' opposition by February 27, 2026. Mr. Sintuj did not file a reply, perhaps because there was no reply argument to make.

Mr. Sintuj requests a total award of $6,232.43, comprising $5,875.00 in attorney's fees and $357.43 in transportation costs from Youngstown, Ohio. *Pet'r's Mot.* at 2-4. Mr. Sintuj calculates his attorney's fees based on an hourly rate of $250, which he maintains is the market rate for similar services by Immigration law practitioners. *Id.* at 3; *id.*, Attach. 1, *Am. Immigr. Laws. Ass'n Marketplace Study 2022.* Mr. Sintuj submits his counsel's billing record, reflecting the date, time, and nature of each activity, including the details about the specific tasks performed. *Id.*, Attach. 2, *Billing Record.* According to the billing record, Mr. Sintuj's attorney billed 23.5 hours over the course of his habeas proceedings. *Billing Record* at 1.

Although Respondents concede Mr. Sintuj's transportation expenses and his counsel's hourly rate are fair and reasonable, they maintain Mr. Sintuj is eligible for no more than $2,937.50 in attorney's fees, because his counsel's billing on the Sintuj case duplicated their work on a companion case that proceeded in tandem with Mr. Sintuj's habeas case, *Garcia v. Stamper*, 2:26-cv-00025-JAW. *Resp'ts' Opp'n* at 6-7. Respondents assert the billing records demonstrate Mr. Sintuj's counsel handled his matter and the companion habeas matter over the course of the same 23.5-hour period, rather than in two separate 23.5-hour periods, and the true amount of Mr. Sintuj's attorney's fee award is half of the 23.5-hour block at the $250 hourly rate. *Id.* Accordingly, Respondents submit Mr. Sintuj is entitled no more than $3,294.93, comprising $2,937.50 in attorney's fees and $357.43 in transportation costs. *Id.* at 7.

Based on the record before it, the Court agrees with Respondents. The billing records confirm that Mr. Sintuj's counsel simultaneously worked on Mr. Sintuj's case

2

and the companion Garcia case. *See Billing Records* at 2-3 (referring to "petitioners," "clients," and "petitions," in block-billed entries). This is also consistent with how proceedings before this Court operated throughout both cases. The Court held teleconferences of counsel on January 20 and February 6, 2026 in both matters simultaneously. *See Min. Entry* (ECF No. 7); *Min. Entry* (ECF No. 18). At a minimum, at least some of the entries in the billing recorded billed for both matters simultaneously. *See Billing Records* (billing entries for teleconferences on January 20 and February 6, 2026). Thus, to the extent some of the billing records might reflect separate work for only Mr. Sintuj's case, his counsel's billing record or his motion should have specified which, if any, of the billing entries were not block-billed. Without the benefit of a reply, however, the Court is left to read the billing record for what it indicates: the 23.5 hours billed were split evenly between Mr. Sintuj's case and the companion Garcia case.

The Court therefore concludes Mr. Sintuj is entitled to $2,937.50 in attorney's fees and $357.43 in transportation costs for a total award of $3,294.93. Accordingly, the Court GRANTS in part and DENIES in part Elder Benjamin Ortiz Sintuj's Motion for Award of Attorney's Fees (ECF No. 22) in the total amount of $3,294.93.[1]

---

[1] In granting in part and denying part Mr. Sintuj's motion for attorney's fees, the Court clarifies that its February 6, 2026 order imposed sanctions against Respondents pursuant to its inherent sanctions authority, *Order* at 6-8, and not because Mr. Sintuj is a "prevailing party" under the Equal Access Justice Act (EAJA) as his motion for attorney's fees suggests. *Pet'r's Mot.* at 2.

3

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2026